UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| IVETTE MARIA AGOSTO, | |
|---|---|
| Plaintiff, | No. 3:17-cv-929 (MPS) |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM AND ORDER

Ivette Maria Agosto has appealed the Commissioner of Social Security's dismissal of her application for supplemental social security income (SSI) and disability benefits (DIB). (ECF No. 1.) Because Agosto never obtained a final decision from the Commissioner—her claim was dismissed because she failed to attend her scheduled hearing—I GRANT the Commissioner's (ECF No. 11) motion to dismiss the complaint for lack of subject matter jurisdiction.

**I.     Background[1]**

On September 5, 2014, Agosto filed her application for DIB and SSI. (ECF No. 11-2 at ¶ 3(a).) The Commissioner denied Agosto's claim initially on December 29, 2014, and again upon reconsideration on April 29, 2015. (*Id.* at ¶ 3(a), 6–21.) Agosto then requested a hearing with an ALJ. (*Id.* at ¶ 3(b).) She was sent a notice of hearing on May 12, 2016, which stated that a hearing on her claim was scheduled for August 17, 2016 at 12:00 p.m. (*Id.* at ¶ 3(c).) This notice stated that she should call the New Haven, Connecticut Office of Disability Adjudication and Review

---

[1] Because the Commissioner has moved to dismiss the complaint under Rule 12(b)(1), I am allowed to consider evidence outside the pleadings, including affidavits. *See State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007). The following facts are taken from the affidavit of Nancy Chung, the Acting Chief of Court Case Preparation and Review, Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, submitted as an exhibit to the Commissioner's motion to dismiss, and its supporting documentation. (*See* ECF No. 11.)

1

immediately if she was not able to attend that hearing. (*Id.* at 33–35.) Agosto also received a notice of hearing reminder on August 3, 2016. (*Id.* at ¶ 3(c), 43.)

But Agosto did not attend the August 17 hearing, and her case therefore was dismissed without an adjudication on the merits. On September 1, 2016, the SSA sent Agosto a request to show cause for failure to appear at the hearing—that notice informed Agosto that she had ten days to respond and indicated that she should attach supporting documentation. (ECF No. 11-2 at ¶ 3(d), 44.) On October 13, 2016, an ALJ issued a dismissal of the request for hearing because Agosto had failed to appeal or to show cause as to why she did not appear. (*Id.* at ¶ 3(e), 46–50.) On October 26, 2016, the New Haven office received a response from Agosto, dated September 15, 2016, to the order to show cause. (*Id.* at ¶ 3(f), 51.) The response stated that Agosto had been in a car accident, and so she had been unable to attend the hearing. (*Id.*) However, it did not provide any supporting documentation. (*Id.*)

On December 6, 2016, Agosto filed a request for review of the ALJ's notice of dismissal. (ECF No. 11-2 at 53.) On January 31, 2017, the Appeals Council denied this request. (*Id.* at 54–55.) On June 6, 2017, Agosto filed her complaint in this Court. (ECF No. 1.) On August 2, 2017, the Commissioner moved to dismiss for lack of subject matter jurisdiction. (ECF No. 11.) Agosto did not file any opposition to the Commissioner's motion.

## II.  Legal standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. . . . A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[W]hile [I] must accept all factual allegations in a complaint as true when adjudicating a motion to dismiss under

2

Fed. R. Civ. P. 12(b)(6), . . . in adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

Agosto is not represented in this action, and "pleadings of a pro se plaintiff must be read liberally and should be interpreted to 'raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The "plaintiff's failure to respond to a motion to dismiss does not automatically warrant dismissal of the complaint[.]" *Gray v. Metro. Det. Ctr.*, No. 09-CV-4520 KAM LB, 2011 WL 2847430, at *2 (E.D.N.Y. July 15, 2011) (citing *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000)) (examining the merits of the defendant's 12(b)(1) motion to dismiss, or in the alternative for summary judgment, before granting it, where the pro se plaintiff had failed to respond to the motion).

### III. Discussion

42 U.S.C. Section 405(g)–(h) authorizes judicial review in cases arising under Title II and Title XVI of the Social Security Act. Section 205(g) states that a claimant may obtain review of the Commissioner of Social Security's decision in her case only "after a hearing to which [she] was a party." Section 205(h) states that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as provided herein."

Section 405(g) "clearly limits judicial review to a particular type of agency action, a final decision of the [Commissioner] made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (internal citation marks omitted). This is a jurisdictional requirement. *Weinberger v. Salfi*,

422 U.S. 749, 764 (1975) (stating that this requirement of Section 405(g) is "central to the requisite grant of subject-matter jurisdiction"). Although the Court of Appeals has apparently not yet addressed the issue, district courts in the Second Circuit have held that "where a plaintiff fails to appear at administrative hearing . . . there was no . . . determination of the merits by a final decision[,]" and so "there is nothing for the [district] court to review." *Wolfe v. Astrue*, No. 1:07-cv-0263, 2008 WL 3286188, at *1 (N.D.N.Y. Aug. 7, 2008) (internal quotation marks omitted) (citing *Hatcher v. Barnhart*, No. 06-CV-999 (JG), 2006 WL 3196849, at *3 (E.D.N.Y. Nov. 4, 2006); *Plagianos v. Schweiker*, 571 F. Supp. 495, 497 (S.D.N.Y. 1983); and *Lesane v. Apfel*, 1999 WL 12889040, at *2 (E.D.N.Y. Nov. 17, 1999)); *see also Brandyburg v. Sullivan*, 959 F.2d 555, 560–62 (5th Cir. 1992). There is an exception to this rule: federal district courts can review actions of the Commissioner in the limited circumstance where a plaintiff raises a "colorable" constitutional challenge to the agency's proceedings. *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

Here, there was no final decision on the merits, and the pleadings—even construed liberally in favor of Agosto—do not suggest that the constitutional challenge exception applies. Agosto requested an ALJ review of the Commissioner's decision denying her SSI and DIB. (ECF No. 11-2 at ¶ 3(b).) A hearing with an ALJ was scheduled, but Agosto did not appear. (*Id.* at ¶¶ 3(c)–(d).) She also did not submit a timely response to the ALJ's show-cause order, which asked her to state why (with supporting documentation) she had failed to attend. (*Id.* at ¶¶ 3(d)–(f).) Although she submitted a response after the deadline had passed, that response did not include any supporting documentation. (*Id.* at ¶ 3(f).) Because of this failure to appear or show cause, the ALJ entered a dismissal of her request for review. (*Id.* at ¶ 3(e).) The Appeals Council then denied Agosto's request to review the ALJ's dismissal. (*Id.* at ¶ 3(h).) Because the final agency decision requirement is jurisdictional, I cannot review the dismissal either: Section 405(g) only permits

4

district court review of a final decision on the merits, and, because Agosto failed to appear for the hearing, the ALJ never made a final determination on the merits of Agosto's case.

Further, the pleadings do not suggest any "colorable" constitutional challenge to the SSA's proceedings in this case. Agosto's complaint does not indicate any constitutional violation occurred. (*See* ECF No. 1.) Further, the supporting documentation that the Commissioner provided establishes that the Commissioner notified Agosto twice—once on May 12, 2016 and once on August 3, 2016—about the date and time of the hearing. (ECF No. 11-2 at ¶ 3 (c).) The Commissioner also gave Agosto ten days to show cause as to why she had not been able to attend and then waited a full month before dismissing Agosto's claim. (*Id.* at 3(d)–(e).) These facts do not suggest, even construing the pro se plaintiff's pleadings liberally, that the Commissioner violated her due process rights in dismissing her claim.

Therefore, this Court lacks subject matter jurisdiction over Agosto's appeal, and I GRANT the Commissioner's Motion to Dismiss.

## IV. Conclusion

As stated above, because Agosto did not obtain a final decision from the Commissioner, I GRANT the (ECF No. 11) motion to dismiss. The Clerk is directed to close the case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
January 3, 2018